UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| BRANDON JACKSON, | : | Case No. 1:05-cr-182 |
| | : | (1:14-cv-887) |
| Petitioner, | : | |
| | : | |
| v. | : | Judge Michael R. Barrett |
| | : | |
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Respondent. | : | |

**OPINION AND ORDER**

This matter is before the Court on Petitioner Brandon Jackson's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Doc. 46).[1]  The United States has filed a Memorandum in Opposition (Doc. 48) at the Court's direction (Doc. 47).

**I.    PRIOR PROCEEDINGS[2]**

On the advice of counsel, Petitioner entered into a Plea Agreement in which he pled guilty to Count 7 (Bank Robbery, in violation of 18 U.S.C. § 2113(a) and (d), occurring on December 1, 2005) and Count 8 (Carrying a Firearm during the Commission of a Crime of Violence, in violation 18 U.S.C. § 924(c)(1)(A)(ii), occurring on December 1, 2005) of the Indictment (*see* Doc. 6, PageId 15).  On Count 7, the Sentencing Guideline term of imprisonment was 37 to 46 months, and, on Count 8, there was a mandatory 84 months to be served consecutive to any sentence imposed in Count 7.  On December 5, 2006, the Court imposed a

---

[1] Petitioner also has filed a letter with the Clerk asking to correct the date on which he signed his Motion, from 11/14/1<u>5</u> to 11/14/1<u>4</u>.  (*See* Doc. 49).

[2] The Court incorporates by reference its prior discussion detailing Petitioner's indictment.  (*See* Doc. 44, PageId 176-77).

1

sentence of 46 months on Count 7 and 120 months on Count 8 to be served consecutive to Count 7. (*See* Docs. 26, 28).

On October 5, 2007, Petitioner filed a handwritten, *pro se* "Motion to Reverse Plea Agreement and Sentence" (Doc. 32). Thereafter, on November 8, 2007, the Court ordered said motion returned to Petitioner along with Form AO243 (Motion under 28 U.S.C. § 2255) and the corresponding instructions, advising it would defer ruling until the proper paperwork was filed (Doc. 33). The packet mailed to Petitioner was returned to the Clerk on November 27, 2007, marked "Released" (Doc. 34). On April 14, 2008, Petitioner filed a Notice of Appeal of the Court's November 8, 2007 Order (Doc. 35), which was dismissed by the Sixth Circuit on June 18, 2008 as late (Doc. 36). In an Order docketed June 24, 2008, this Court subsequently denied Petitioner's handwritten motion for failure to resubmit it on Form AO243 and because the "time to do so has expired." (Doc. 37). The envelope containing this Order was returned to the Clerk on June 30, 2008, marked "Return to Sender." (Doc. 38).

Two years later, on July 23, 2010, Petitioner filed a handwritten, *pro se* "Motion to vacate and reverse sentence" (Doc. 39), to which the United States responded in opposition (Doc. 42) and Petitioner replied (Doc. 43). He argued that his sentence of imprisonment regarding Count 8 (the firearms offense) represented an incorrect upward departure. As before, the United States responded that Petitioner's motion was time-barred because more than one year had passed since the judgment of conviction was entered on December 11, 2006 and he offered no reason why the "due diligence" savings clause set forth in 28 U.S.C. § 2255(f)(4) should apply. In addition, Petitioner waived his appellate rights under 18 U.S.C. § 3742 in his Plea Agreement (Doc. 6, PageId 23). Finally, the United States argued that the claim lacked merit. The Court did not depart upward from the sentence recommended by the Guidelines, and

Petitioner's assertion to the contrary evinces a lack of understanding as to what the concept of "upward departure" actually means. In an Opinion and Order docketed November 3, 2010, the Court found that Petitioner's motion was time-barred, and, in any event, without merit because no upward departure did, or could, occur under the particular circumstances of this case (Doc. 44). Petitioner did not file an appeal of this Order.

## II.  CURRENT SECTION 2255 MOTION AND THE GOVERNMENT'S RESPONSE

Petitioner's current motion (submitted on Form AO243) was filed on November 19, 2014, more than four years after his second one (*see* Doc. 46). In it, he acknowledges filing that motion, as well as this Court's Opinion and Order relating thereto, but states he took no appeal because his claim "had no merit." (*See* Doc. 4, PageId 183-85). He alleges three "new" grounds in support of his motion. They are:

GROUND ONE:  Lack of jurisdiction to impose an enhanced sentence;

GROUND TWO: Ineffective assistance of counsel during sentencing; and

GROUND THREE:  Constitutional rights violated.[3]

(*Id.*, PageId 185-87). Ground One, however, is not new, but rather is merely a repackaging of Petitioner's prior "upward departure" claim.

The United States responds that the current 2255 motion is Petitioner's third, and, like the previous two motions, is untimely.[4] It contends, relying on *Day v. McDonough*, 547 U.S. 198, 209-10 (2006), that the Court should have *sua sponte* dismissed the motion as time-barred because it was filed after the one-year statute of limitations expired. It further argues that Petitioner waived any right to appeal his sentence under 18 U.S.C. § 3742 as part of his Plea

---

[3]As to this ground, Petitioner references his rights under *Miranda v. Arizona*, 384 U.S. 436 (1966).

[4] The United States submits that the Court failed to conduct an initial screening of Petitioner's previous two motions as required under 28 U.S.C. § 1915A. *See also* 28 U.S.C. § 1915(e)(2), 42 U.S.C. § 1997e(c)(1).

3

Agreement (*see* Doc. 6, PageId 23), and points out that this Court previously held that Petitioner's "upward departure" claim lacks merit (*see* Doc. 44).

**III. ANALYSIS**

Under 28 U.S.C. § 2255, the Court may preliminarily determine whether the motion and files of records of a case conclusively show the Petitioner is not entitled to relief.[5] While the Court may, but is not required, to dismiss *sua sponte* on the basis of untimeliness, *see Day*, 547 U.S. at 209,[6] it would have been proper for the Court to determine, prior to ordering the government's response, that the current 2255 motion constitutes a second or successive petition that cannot presently be considered by the district court. The Court thus will make that determination here.

Because this Court already has denied Petitioner's previous motions as untimely (first and second) and on the merits (second), the matter at bar constitutes a second or successive motion. *See Sherman v. Sims*, Civil No. 14-07-GFVT, 2014 U.S. Dist. LEXIS 168688, at *4-5 (E.D. Ky. Dec. 3, 2014); *Warren v. Burt*, No. 1:13-cv-570, 2013 U.S. Dist. LEXIS 84526, at *5 (W.D. Mich. June 17, 2013). Section 2255(h) provides:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—
>
> (1) Newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) A new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

---

[5] Under Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, the Court is to conduct an initial screening to determine whether the Petitioner is entitled to relief in the district court.

[6] The Supreme Court stated in *Day*: "[W]e hold that district courts are permitted, but not obliged, to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition." *Day*, 547 U.S. at 209. Before such a *sua sponte* determination, however, the Court must give the parties fair notice and an opportunity to present their positions. *Id.* at 210.

4

*See* Rule 9 of the Rules Governing Section 2255 Proceedings for the United States District Courts. As Petitioner has not obtained the requisite certification from the Sixth Circuit, the district court cannot consider his claim unless the Sixth Circuit determines that he has presented new factual evidence or demonstrated a new rule of constitutional law. While it does not appear that either of these exceptions apply, that decision is reserved to the court of appeals. *See Albo v. United States*, 498 F. App'x 490, 492, 495-96 (6th Cir. 2012).

### IV. CONCLUSION

Based on the foregoing analysis, this Court lacks jurisdiction to entertain the present motion. Accordingly, the Clerk is directed to **TRANSFER** Petitioner Brandon Jackson's Motion (Doc. 46) to the United States Court of Appeals for the Sixth Circuit as a second or successive petition pursuant to 28 U.S.C. § 1631 for authorization under 28 U.S.C. § 2244(b)(3)(A). *See In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997) (*per curiam*).[7]

**IT IS SO ORDERED**.

s/Michael R. Barrett  
JUDGE MICHAEL R. BARRETT  
UNITED STATES DISTRICT COURT

---

[7] The Sixth Circuit expressly directed that the district court transfer second or successive motions for its consideration: "[W]hen a second or successive petition for habeas corpus relief or § 2255 motion is filed in the district court without § 2254(b)(3) authorization from [the circuit court], the district court shall transfer the document to [the circuit court] pursuant to 28 U.S.C. § 1631." *In re Sums*, 111 F.3d. 45, 47 (6th Cir. 1997); *see also In re Smith*, 690 F.3d 809, 810 (6th Cir. 2012) (relying on *In re Sims*).