UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| BRANDON O. JACKSON, | CRIMIAL CASE NO. 1:05-CR-182 |
| | CIVIL CASE NO. 1:14-CV-887 |
| Defendant/Petitioner, | Judge Michael R. Barrett |
| v. | |
| UNITED STATES OF AMERICA, | |
| Plaintiff/Respondent. | |

**OPINION AND ORDER**

This matter is before the Court on Petitioner's motion to vacate under 28 U.S.C. § 2255 (Doc. 53) (the "2016 motion"). Following a stay ordered pending the outcome of *Beckles v. United States*, 137 S. Ct. 886, 197 L. Ed. 2d 145 (2017) (Doc. 56), the Court vacated the stay and directed Respondent to answer Petitioner's 2016 motion. Respondent has replied with a Motion to Dismiss the 2016 motion (Doc. 58), and this matter is ripe for adjudication.

In reviewing the procedural history of this case, however, the Court determines that the 2016 motion is second or successive to a 2010 motion to vacate under § 2255 (the "2010 motion") and to a 2014 motion to vacate under § 2255 (the "2014 motion"). This Court denied the 2010 Motion (Doc. 44) and transferred the 2014 motion to the Sixth Circuit (Doc. 50), which denied authorization to file a second or successive petition (Doc. 51). The Court has noted that it has denied prior § 2255 motions both as untimely and on the merits. (Doc. 50). *See Sherman v. Sims*, Civil No. 14-07-GFVT, 2014 WL 6850769, *3 (discussing that while not every second in time § 2255 petition is "second or successive" for purposes of the statute, a prior dismissal on the merits, including statute

1

of limitations grounds, "render[] a subsequent application second or successive.") (citation omitted).

As noted in the undersigned's order transferring the 2014 motion, a district court "lacks jurisdiction to entertain" a second or successive § 2255 motion without the Sixth Circuit's prior authorization. (Doc. 50). *See In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997) ("[W]hen a second or successive . . . § 2255 motion is filed in the district court without § 2244(b)(3) authorization from [the court of appeals], the district court shall transfer the document to [the court of appeals] pursuant to 28 U.S.C. § 1631."). *See also Albo v. U.S.*, 498 Fed. Appx 490, 495 (6th Cir. 2012) ("Since [defendant's] Rue 60(b) motion is a second or successive § 2255 motion, the district court should have transferred the case to [the court of appeals] for certification.") (citing *Sims*).

Notwithstanding the relatively recent procedural history suggesting this Court's impending consideration of the 2016 motion, we are without jurisdiction to do so absent the Sixth Circuit's prior authorization. The Clerk is accordingly directed to **TRANSFER** Petitioner Brandon O. Jackson's 2016 motion (Doc. 53) to the United States Court of Appeals for the Sixth Circuit as a second or successive petition pursuant to 28 U.S.C. § 1631 for authorization under 28 U.S.C. § 2244(b)(3)(A).

**IT IS SO ORDERED**.

      /s/ *Michael R. Barrett*
Michael R. Barrett, Judge
United States District Court